[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By Amended Petition dated December 18, 1996, the petitioner claims that his confinement to the custody of the respondent Commissioner is unlawful on the basis of his assertion that he was denied the effective assistance of trial counsel in the underlying criminal prosecution. Based on the evidence adduced at the habeas hearing, the court makes the following findings and order.
On October 3, 1990, following a jury trial in Docket Number 55423 in the Superior Court, Judicial District of Hartford/New Britain in Hartford, the petitioner was found guilty of the criminal offenses of Sale of Narcotics by a Non-Drug Dependent Person in violation of C.G.S. 21-278 (b) and Conspiracy to Distribute Narcotics in violation of C.G.S. 21a-277 (a). Thereafter the petitioner received a total effective sentence of seventeen years confinement in the custody of the Commissioner of Corrections. The sentence was subsequently modified to twelve years confinement. The petitioner is presently on parole from the imposed sentence.
At his criminal trial, the petitioner was represented by Attorney William Gerace. The state was represented by Assistant State's Attorney Paul Murray.
The petitioner's conviction was affirmed on direct appeal.State v. Hernandez, 28 Conn. App. 126, cert. den'd,223 Conn. 920 (1992).
At the petitioner's trial, the State adduced evidence that in the early evening of March 21, 1989, the petitioner drove his Nissan motor vehicle to a Roy Roger's parking lot in Manchester in the company of Juan Manso and Sigfredo Diaz. Officer Wayne Rautenberg of the Manchester Police Department, then on assignment as an undercover agent to the Tri-Town Narcotics Task Force, testified that Manso had called him approximately one-half hour earlier to make arrangements to sell Rautenberg a quantity of cocaine, and that Manso had selected the meeting place. He informed Rautenberg of the clothes he would be wearing and that he would be in "the guy's" car. Officer Rautenberg and other officers who were in surveillance testified that the petitioner drove his car into the parking lot, dropping Diaz off at one part of the lot, in what appeared to be a lookout position and that Manzo then alighted from the car to speak with Rautenberg. Rautenberg testified that Manso told him that "the guy" did not want to complete the transaction in the parking lot, but upon CT Page 8149 Rautenberg's insistence, the transaction was completed in the lot. Manzo delivered a packet of white powder which later tested positive for cocaine. In return, Rautenberg handed the sum of twenty-two hundred ($2200) to Manzo who returned to the car, meeting and slapping hands with Diaz on the way. The State also adduced evidence that in drug lingo, the term "my guy" or "the guy" refers to the owner of the illicit drug.
Once Manzo was back in the petitioner's car, all three men were taken into police custody. A search of the Nissan revealed the presence of a secret compartment located in one of the interior head rests. Once at the police station, the petitioner made certain inculpatory statements to the police. Pursuant to counsel's motion, evidence relating to these statements was suppressed on the basis that the court could not determine that they had been knowingly and voluntarily made. The defense offered no evidence at trial.
The petitioner claims that counsel was ineffective for failing to subpoena Manzo and Diaz to testify, failed to object to the court's finding of a conspiracy, and failed to object to statements of alleged co-conspirators made in furtherance of the conspiracy. As to this last claim, the petitioner alleges that counsel's failure to object to co-conspirators' statements prevented appellate review of the issue.
As a general statement of law, in order for a petitioner to succeed in a claim that he was denied the effective assistance of counsel in criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668 (1984);Bunkley v. Commissioner, 222 Conn. 444 (1992); Copas v.Commissioner, 234 Conn. 139 (1995). In this case, the petitioner has proven neither.
At the habeas hearing, the petitioner testified that he had asked Attorney Gerace to subpoena both Manzo and Diaz to testify on his behalf at his criminal trial. He claimed that they had both been available, and he stated that their testimony would have exculpated him. On cross examination, he agreed that the cases against Manzo and Diaz had not been concluded prior to his trial.
Attorney Gerace testified that his trial strategy was to put CT Page 8150 on no witnesses. He stated that he had succeeded in suppressing the petitioner's verbal statement to the police, and that the only remaining evidence against the petitioner was that he was the driver and owner of the car used in the drug transaction. He commented that both Manzo and Diaz had left the car and that the transaction took place away from the vehicle. He thought the case could be successfully defended on that basis.
While he had no specific recollection that the petitioner asked him to call Diaz and Manso to testify, he did recall that he had received a note from someone in lockup, probably Manzo, stating that the petitioner was not guilty. Attorney Gerace testified from his seventeen years experience as a criminal defense attorney that receiving such notes is not an uncommon occurrence. Attorney Gerace also testified that in the more than fifty criminal cases he has defended to verdict he has never called a co-defendant as a witness, primarily because no competent lawyer representing a co-defendant would allow it to happen. Additionally, he noted the risk that a co-defendant can be a dangerous witness, whose testimony can be unpredictable.
The court finds no fault with Attorney Gerace's assessment and strategy. Additionally, the court had the opportunity to assess the credibility of Diaz who testified at the habeas hearing that no one approached him prior to the petitioner's trial about testifying on his behalf. Diaz stated that he drove to Manchester with Hernandez and Manso but that he had no idea that a drug transaction was about to occur, and he claimed that en route to the meeting there was no talk of the impending transaction. While acknowledging that he pled guilty to drug charges arising from this transaction and that he received a sentence of nine years suspended after serving three years, he denied any knowledge of drugs or involvement in this criminal transaction. He claimed that he pled guilty on the advice of his lawyer. The court did not find this self-serving testimony of Diaz to be credible. Nor did the court find truthfulness in his recitation of the events leading up to and including the transaction between Manso and Rautenberg. Having had the opportunity to observe and assess the credibility of Diaz only serves to confirm Attorney Gerace's good judgment not to call this witness.
With respect to counsel's failure to call Manso, the petitioner adduced no evidence at the habeas hearing that Manso would have testified on his behalf. Nor does the court have any CT Page 8151 basis for believing that Manso, if called, would have been a credible witness. The parties stipulated and the court finds that by the time of the petitioner's trial, Manso had pled guilty to charges arising from this transaction, but he had not yet been sentenced. Those circumstances hardly make it seem likely that Manso would have found it in his best interest to testify as a defense witness for the petitioner, or that if he had, his testimony would have been productive of reasonable doubt. By calling Diaz, the petitioner has disproved his allegation relating to him as a potential trial witness. By failing to call Manso, the petitioner has failed to prove his allegation regarding him.
The petitioner claims also that counsel properly to object to the introduction of statements made by co-conspirator Manso. While the petitioner is correct that the Appellate Court recited that it would not review this unpreserved claim, en route to this determination the Appellate Court considered the claim and found that the admission of the statements did not violate the petitioner's constitutional rights and were admitted in accordance with well known and accepted evidentiary standards. cf. State v. Hernandez, supra, 28 Conn. App. at 132.
For the reasons stated, the petition is dismissed.
Bishop, J.